UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

SAMUEL J. SMOLEN, JR.,

                Plaintiff,

    vs                                            9:04-CV-1445

D. MENARD, Sergeant; B. MENARD, C.O.;
M. DEVINS, Sergeant; T. BAILEY, C.O.;
DANIEL A. SENKOWSKI, Superintendent;
and R. SEARS, C.O.,

                Defendants.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                           OF COUNSEL:

SAMUEL J. SMOLEN, JR.
Plaintiff, Pro Se
85-A-4082
Sing Sing Correctional facility
354 Hunter Street
Ossining, New York 10562

KERNAN AND KERNAN, P.C.          JAMES P. GODEMANN, ESQ.
Pro Bono trial Counsel for Plaintiff      LEIGHTON R. BURNS, ESQ.
258 Genesee Street #10, Suite 600
Utica, NY 13502

HON. ANDREW M. CUOMO             SENTA B. SIUDA, ESQ.
Attorney General of the                 TIMOTHY P. MULVEY, ESQ.
   State of New York                    Assts. Attorney General
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

# **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

Plaintiff Samuel J. Smolen, Jr. ("plaintiff" or "Smolen") moves for a Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50. Plaintiff also moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Defendants Darryl Menard ("Sgt. Menard"), Todd Bailey ("Bailey"), Brian Menard ("B. Menard"), Mark Devins ("Devins"), Ronald Sears ("Sears") and Daniel Senkowski ("Sup't. Senkowski") oppose both motions. The parties' arguments were considered based upon their submissions and without oral argument.

## II. **BACKGROUND**

During a three-day trial, the jury considered (1) whether defendants Sgt. Menard, Bailey, and B. Menard subjected plaintiff to excessive force and (2) whether collectively or individually defendants Devins, Sears, and Sup't. Senkowski were deliberately indifferent towards a risk to the plaintiff's safety.

Plaintiff testified that on December 10, 2001, while leaving the Clinton Correctional Facility mess hall, Sgt. Menard removed him from the line and escorted him to his cell. Smolen stated at trial that as he was ascending the stairs, Sgt. Menard grabbed the hood of his sweatshirt from behind and forcefully pulled him backwards down the staircase. He told the jury that Sgt. Menard then dragged him up the stairs and punched him in the face. Plaintiff also alleged that Bailey kicked him in the back and ribs while he laid on the floor.

With respect to Correctional Officers Sears and Devins, plaintiff testified that they witnessed portions of the attack but did not intercede. It was undisputed that at approximately 1:30 p.m., Devins took Smolen to the infirmary, where plaintiff reported that

he had been beaten.  While there, photographs were taken of his bruised face and torso.  Plaintiff testified that he notified Sup't. Senkowski in writing six days prior to the alleged incident that he had been threatened with physical harm by Sgt. Menard, yet Sup't. Senkowski did nothing to address or prevent the incident.

The defendants' version of the facts differed significantly.  Sgt. Menard testified that plaintiff made an inappropriate comment in the mess hall and was then escorted to the cell block, whereupon Bailey placed him in his cell without incident.  Subsequently, Sgt. Menard filed a misbehavior report against plaintiff because of the language he used in the mess hall and the disturbance he caused.  Bailey stated at trial he had no physical contact with the plaintiff and merely escorted him to his cell as instructed by Sgt. Menard. Devins and Sears stated that they did not observe any staff making physical contact with plaintiff, while B. Menard testified he had no knowledge of the alleged acts and had no contact with Smolen.  Sup't. Senkowski indicated during his testimony that he was unaware of both the incident and plaintiff's allegation that he was beaten.

After hearing evidence from both sides, the jury returned a verdict in favor of each of the defendants. As reflected by the verdict form, the jury determined Sgt. Menard, Bailey and B. Menard did not subject Smolen to excessive force.  See Court's Ex. 1, Dkt. No. 103, 2.  Accordingly, plaintiff's deliberate indifference claim against defendants Devins, Sears and Senkowski necessarily failed because those claims were contingent upon the jury finding that plaintiff had been beaten by the other defendants.

### III. DISCUSSION

Plaintiff argues that he has "submitted unrebutted evidence" showing that he had no injuries prior to the alleged incident, yet two hours after being escorted to his cell first

by Sgt. Menard and then by Bailey, he was found to be in need of medical care. Godemann Aff., Dkt. No. 113-1, ¶ 4. At trial, plaintiff introduced into evidence copies of photographs which reflected injuries to his face and back. Id. ¶ 5. In light of this evidence, Smolen argues that the jury's verdict "defies credulity" and cannot be reconciled with the evidence presented. Therefore, he seeks a Judgment as a Matter of Law, or alternatively, a new trial. Id. ¶ 9, 11.

### A. Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure Rule 50(a)(1) states in part:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have legally sufficient evidentiary basis to find for the party on that issue, the court may; (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party . . . .

FED. R. CIV. P. 50(a)(1).

Upon consideration of a motion for Judgment as a Matter of Law, all evidence presented to the jury and any reasonable inference derived therefrom must be viewed in the light most favorable to the party opposing the motion. Simblest v. Maynard, 427 F.2d 1, 4 (2d Cir. 1970). The motion should only be granted if there is "'such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against him.'" Cross v. N.Y. City Transit Auth., 417 F.3d 241, 248 (2d Cir. 2003) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)).

In responding to plaintiff's argument, defendants first contend plaintiff failed to preserve his right to make a Rule 50 motion post-trial because he did not move for such relief prior to the case being submitted to the jury. See FED. R. CIV. P. 50(a)(2). However,

defendants have not obtained a transcript of the trial, and therefore this assertion will not be considered.

Here, the plaintiff argues that the evidence of his injuries, combined with his first hand account of what transpired on December 10, 2001, could not have led to any other reasonable conclusion but that he was subjected to excessive force at the hands and feet of several of the defendants. Plaintiff implies that his injuries are unequivocal evidence that he was beaten by the defendants. However, the defendants were not required to establish how the plaintiff was injured; it is the plaintiff's burden to prove the injuries he sustained actually occurred because excessive force was used by the defendants. Although plaintiff's evidence in a vacuum might have been persuasive, the jury had the opportunity to hear the testimony refuting Smolen's version of the events and decided the case in favor of the defendants.

It was the burden of the plaintiff to not only submit evidence, but also to convince the jury that the evidence he presented was credible. When a contrary version of the events was set forth by the defendants, the plaintiff was responsible for persuading the jury beyond a preponderance of the evidence that his account is the more accurate and believable portrayal. The jury was free to make its own credibility determination, and ultimately decided that Smolen failed to prove he was beaten by the defendants. When viewed in the light most favorable to the defendants, reasonable minded persons, having found the defendants' version of the events more credible than that of the plantiff, could have reached this jury's conclusion. Therefore, plaintiff's motion for Judgment as a Matter of Law will be denied.

**B. Motion for New Trial**

In the alternative, plaintiff moves for a new trial on the grounds that the jury verdict was contrary to the overwhelming weight of evidence. Under rule 59, a new trial is warranted if "based on the weight of the evidence[,] . . . the jury's verdict [was] 'seriously erroneous.'" Piesco v. Koch, 12 F.3d 332, 344 (2d Cir. 1993) (quoting Smith v. Lightning Bolt Prods., 861 F.2d 363, 370 (2d Cir. 1988)). Further, in determining whether to grant a new trial on the ground that the jury's verdict is against the weight of the evidence, where the "resolution of the issues depend[s] on [an] assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." Piesco, 12 F.3d at 345 (quoting Metromedia Co. v. Fugazy, 983 F.2d 350, 363 (2d cir. 1992)).

To grant the plaintiff's motion here would require a determination that the testimony of the defendants was not credible. That assessment cannot be made here. There was no disagreement between the parties that Smolen had in fact suffered injuries, but it was the plaintiff's burden to prove how he was injured. The jury heard plaintiff testify that he was struck by certain correctional officers and suffered the resulting injuries, but he presented no other witnesses to corroborate his assertion. The jury also heard the defendants testify that they did not strike the plaintiff. The defendants are not required to explain how Smolen was hurt; rather, the plaintiff bore the burden of proving that the defendants violated his constitutional rights by inflicting injuries upon him. The jury heard the evidence, deliberated and determined the plaintiff could not prevail.

In considering a motion for new trial, caution is required where the credibility of the witnesses appears to have been a key determinant for the jury. See Piesco, 12 F.3d at 345. The jury verdict here cannot be considered a seriously erroneous determination based on the evidence and thus is not deserving of a new trial.

## IV. CONCLUSION

The jury's verdict will not be disturbed. Therefore, plaintiff's motion for a Judgment as a Matter of Law is denied. Similarly, the plaintiff's motion for a new trial is also denied.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 22, 2010
        Utica, New York.